1  ANTHONY B. GORDON(SBN 108368)
     law@anthonybgordon.com
2  GORDON & GORDON
   A Professional Law Corporation
3  5550 Topanga Canyon Boulevard, Suite 200
   Woodland Hills, CA 91367-6478
4  Telephone: (818) 887-5155
   Facsimile: (818) 887-5154
5
   Attorneys for Defendant UNIVERSAL
6  NUTRIENTS, LLC

7  KARIN G. PAGNANELLI (SBN 174763)
     kgp@msk.com
8  MITCHELL SILBERBERG & KNUPP LLP
   11377 West Olympic Boulevard
9  Los Angeles, CA 90064-1683
   Telephone: (310) 312-2000
10 Facsimile: (310) 312-3100

11 Attorneys for Defendant
   WAL-MART STORES, INC.
12

13

14            UNITED STATES DISTRICT COURT

15            CENTRAL DISTRICT OF CALIFORNIA

16

| 17 | BEACHBODY, LLC, | CASE NO. 2:16-cv-02015-R-JPR |
|---|---|---|
| 18 | Plaintiff, | Honorable Manuel L. Real |
| 19 | v. | **NOTICE OF MOTION AND MOTION OF DEFENDANTS UNIVERSAL NUTRIENTS AND WAL-MART STORES, INC. TO DISMISS COMPLAINT** |
| 20 | UNIVERSAL NUTRIENTS, LLC d/b/a UNIWELL and WAL-MART STORES, INC., | |
| 21 | | |
| 22 | Defendants. | **[Fed. R. Civ. P. 12(b)(6)]** |
| 23 | | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| 24 | | **DATE:** June 20, 2016 |
| 25 | | **TIME:** 10:00 a.m. |
| 26 | | **CTRM.:** 8, 2nd Floor |
| 27 | | |
| 28 | | |

7701492.4

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2

3       **PLEASE TAKE NOTICE** that, on June 20, 2016, in the courtroom of The

4    Honorable Manuel L. Real of the United States District Court for the Central

5    District of California, 312 N. Spring Street, Courtroom 8, 2nd Floor, Los Angeles,

6    California, at 10:00 a.m., or as soon thereafter as the matter may be heard,

7    Defendants Universal Nutrients, LLC d/b/a Uniwell and Wal-Mart Stores, Inc.,

8    shall and hereby do move this Court pursuant to Federal Rules of Civil Procedure

9    12(b)(6).

10       This Motion is made on the following grounds:  *First*, Beachbody fails to

11   state a claim for trademark infringement under 15 U.S.C. § 1114 because

12   Uniwell's use of the Beachbody's Shakeology name in comparative advertising

13   constitutes permissible nominative fair use, and thus, is non-infringing.  *Second*,

14   Beachbody fails to state a claim for unfair competition and false association/false

15   designation of origin under 15 U.S.C. § 1125(a) under the Supreme Court's

16   decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003)

17   because Beachbody has not alleged that Uniwell and/or Wal-Mart have sold

18   Beachbody's Shakeology products as their own products, and because Uniwell's

19   use of Shakeology's name constitutes permissible nominative fair use.  *Third*,

20   Beachbody fails to state a claim for false advertising under 15 U.S.C. § 1125(b)

21   because it has not satisfied the heightened pleading requirements to state a claim

22   for false advertising.  *Fourth*, Beachbody fails to state a claim for contributory

23   trademark infringement and unfair competition under federal common law because

24   it has failed to state a claim for direct trademark infringement.  *Fifth*, Beachbody

25   fails to state a claim for California unfair competition under Cal. Bus. & Profs.

26   Code §§ 17200 because its Lanham Act claims fail to state a claim.  As such, the

27   Court should dismiss with prejudice each and every one of Beachbody's asserted

28   claims.

1

1    This Motion is and will be based on this Notice of Motion and Motion, the

2    accompanying Memorandum of Points and Authorities, any additional exhibits or

3    memoranda in support thereof, and any argument presented at the hearing on this

4    Motion.

5    This Motion is made following the conference of counsel pursuant to Local

6    Rule 7-3 that took place on May 12, 2016.

7

8    DATED: May 23, 2016                    GORDON & GORDON, A
                                            Professional Law Corporation
9

10                                   By:    _____
11                                          Anthony B. Gordon
                                            Attorneys for Defendant
12                                          UNIVERSAL NUTRIENTS, LLC

13

14   DATED: May 23, 2016                    KARIN G. PAGNANELLI
                                            MITCHELL SILBERBERG & KNUPP LLP
15

16

17                                   By:    /s/ Karin G. Pagnanelli
                                            Karin G. Pagnanelli
18                                          Attorneys for Defendant
                                            WAL-MART STORES, INC.
19

20

21

22

23

24

25

26

27

28

7701492.4

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  LEGAL STANDARD FOR MOTION TO DISMISS ....................................2

III. THE FIRST CLAIM FOR TRADEMARK INFRINGEMENT FAILS
     BECAUSE UNIWELL'S COMPARATIVE ADVERTISING
     CONSTITUTES NOMINATIVE FAIR USE OF SHAKEOLOGY'S
     NAME AND CREATES NO LIKELIHOOD OF CONFUSION .................3

     A.   Comparative Advertising Constitutes Permissible Nominative Fair
          Use ..........................................................................................................3

     B.   Uniwell's Use of Shakeology's Name Constitutes Permissible
          Nominative Fair Use and Therefore, is Non-Infringing. ......................5

          1.   Beachbody's Shakeology Shake Is Not Readily Identifiable
               Without Use of the Shakeology Name. .......................................5

          2.   Uniwell Used Only So Much of the Word Shakeology As
               Was Reasonably Necessary to Identify Beachbody's
               Shakeology Meal Replacement Shake. ........................................6

          3.   Uniwell and/or Wal-Mart Did Nothing That Would, In
               Conjunction with Shakeology's Name, Suggest Sponsorship
               or Endorsement By Beachbody. .................................................7

IV.  THE SECOND CLAIM, FOR UNFAIR COMPETITION AND
     FALSE ASSOCIATION/FALSE DESIGNATION OF ORIGIN,
     FAILS TO STATE A CLAIM ..........................................................................9

     A.   Beachbody's Unfair Competition and False Association/False
          Designation of Origin Is Barred Under the Supreme Court's
          *Dastar* Decision. ...................................................................................9

     B.   Beachbody's False Association/False Designation of Origin Claim
          Also Fails Because Plaintiff Has Not Alleged Facts That Would
          Suggest A Likelihood of Confusion. .....................................................11

**TABLE OF CONTENTS**
**(continued)**

**Page**

V.     THE THIRD CLAIM FOR FALSE ADVERTISING FAILS
       BECAUSE BEACHBODY HAS NOT SATISFIED THE
       HEIGHTENED PLEADING REQUIREMENTS FOR A FALSE
       ADVERTISING CLAIM ............................................................. 12

VI.    THE FOURTH CLAIM FOR CONTRIBUTORY TRADEMARK
       INFRINGEMENT AND UNFAIR COMPETITION FAILS
       BECAUSE BEACHBODY FAILED TO STATE A CLAIM FOR
       DIRECT TRADEMARK INFRINGEMENT ................................. 13

VII.   THE FIFTH CLAIM FOR CALIFORNIA UNFAIR COMPETITION
       FAILS FOR THE SAME REASONS BEACHBODY'S LANHAM
       ACT CLAIMS FAIL .................................................................... 14

VIII.  CONCLUSION ............................................................................ 15

7701492.4

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*AMF Inc. v. Sleekcraft Boats*,
  599 F.2d 341 (9th Cir. 1979) ........................................................................ 4

*Applied Info. Sciences. Corp. v. eBay, Inc.*,
  511 F.3d 966 (9th Cir. 2007) ........................................................................ 3

*Architectural Mailboxes, LLC v. Epoch Design, LLC*,
  No. 10CV974 DMS CAB, 2011 U.S. Dist. LEXIS 46180,
  (S.D. Cal. Apr. 28, 2011) ............................................................................... 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................... 2

*Avery Dennison Corp. v. Acco Brands, Inc.*,
  Case No. CV 99-1877 DT, 1999 U.S. Dist. LEXIS 21464
  (C.D. Cal. Oct. 12, 1999) ........................................................................... 7, 8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................... 2

*Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*,
  174 F.3d 1036 (9th Cir. 1999) .................................................................... 11

*Brosnan v. Tradeline Sols., Inc.*,
  No. C-08-0694 JCS, 2009 U.S. Dist. LEXIS 48262
  (N.D. Cal. June 5, 2009) ............................................................................. 12

*Cairns v. Franklin Mint Co.*,
  292 F.3d 1139 (9th Cir. 2002) ................................................................... 4, 5

*Capcom Co. v. MKR Grp., Inc.*,
  No. C 08-0904 RS, 2008 U.S. Dist. LEXIS 83836
  (N.D. Cal. Oct. 10, 2008) ............................................................................ 14

*Cleary v. News Corp.*,
  30 F.3d 1255 (9th Cir. 1994) ...................................................................... 14

*Collegenet, Inc. v. XAP Corp.*,
  2004 U.S. Dist. LEXIS 21059 (D. Or. Oct 12, 2004) ............................. 12, 13

# TABLE OF AUTHORITIES
## <u>(continued)</u>

<u>Page(s)</u>

*Cooper v. Pickett,*
  137 F.3d 616 (9th Cir. 1997) ................................................................. 13

*Dastar Corp. v. Twentieth Century Fox Film Corp.,*
  539 U.S. 23 (2003) ............................................................... 9, 10, 11

*Deckers Outdoor Corp. v. J.C. Penney Co. Inc.,*
  45 F.Supp. 3d 1181, 1185 (C.D. Cal. 2014) ................................. 11, 14

*Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.,*
  84 F.3d 1143 (9th Cir. 1996) ................................................................. 14

*Erickson v. Pardus,*
  551 U.S. 89 (2007) ...................................................................................... 2

*Franklin v. Murphy,*
  745 F.2d 1221 (9th Cir. 1984) ................................................................. 3

*J.K. Harris & Co., LLC v. Kassel,*
  253 F. Supp. 2d 1120 (N.D. Cal. 2003) ................................................ 6

*Japan Telecom., Inc. v. Japan Telecom Am. Inc.,*
  287 F.3d 866 (9th Cir. 2002) ................................................................. 14

*Kirtsaeng v. John Wiley & Sons, Inc.,*
  133 S.Ct. 1351 (2013) ............................................................................ 14

*Lindy Pen Co. v. Bic Pen Corp.,*
  725 F.2d 1240 (9th Cir. 1984) ................................................................. 3

*Mendiondo v. Centinela Hosp. Med. Ctr.,*
  521 F.3d 1097 (9th Cir. 2008) ................................................................. 2

*New Kids on the Block v. News Am. Publ'g, Inc.,*
  971 F.2d 302 (9th Cir. 1992) ................................................. 4, 5, 7, 12

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,*
  494 F.3d 788 (9th Cir. 2007) ................................................................. 14

*Pestube Systems, Inc. v. HomeTeam Pest Def., LLC,*
  2006 U.S. Dist LEXIS 34337 (D. Ariz. May 24, 2006) ...................... 12

iv

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*Smith v. Chanel, Inc.*,
    402 F.2d 562 (9th Cir. 1969) ................................................................... 4

*Southland Sod Farms v. Stover Seed Co.*
    108 F.3d 1134 (9th Cir. 1997) ................................................................ 12

*SSP Agricultural Equipment, Inc. v. Orchard-Rite Ltd.*,
    592 F.2d 1096 (9th Cir. 1979) ................................................................. 3

*Stevo Design, Inc. v. SBR Mktg. Ltd.*,
    968 F.Supp. 2d 1082 (D. Nev. 2013) ............................................... 12, 14

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*,
    7 F.3d 1434 (9th Cir. 1993) ................................................................... 14

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
    610 F.3d 1171 (9th Cir. 2010) ............................................................ 4, 8

*Vasquez v. Los Angeles County*,
    487 F.3d 1246 (9th Cir. 2007) ................................................................. 2

*Volkswagenwerk Aktiengesellschaft v. Church*,
    411 F.2d 350 (9th Cir. 1969) ....................................................... 3, 5, 7, 8

**STATUTES**

15 U.S.C.
    § 1051 ..................................................................................................... 1
    § 1114 ................................................................................................... 15
    § 1125 ................................................................................................... 15
    § 1125(a) ............................................................................... 9, 10, 11, 12
    § 1125(a)(1)(A) ................................................................................... 10
    § 1125(b) .............................................................................................. 15

California Business and Professions Code § 17200 ................................. 14, 15

Fed. R. Civ. P. 9(b) .................................................................................... 12

7701492.4

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page(s)**

3

4

**OTHER AUTHORITIES**

5

F.T.C. Statement of Policy Regarding Comparative Advertising, Aug.
13, 1979, *available at* https://www.ftc.gov/public-
statements/1979/08/statement-policy-regarding-comparative-
advertising...........................................................................................................1

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.     INTRODUCTION

Plaintiff Beachbody, LLC's ("Beachbody's") Complaint (Dkt. No. 1) should be dismissed with prejudice because all of Beachbody's claims fail as a matter of law.

In its Complaint, Beachbody asserts claims against Universal Nutrients, LLC d/b/a Uniwell ("Uniwell") and Wal-Mart Stores, Inc. ("Wal-Mart") (collectively, "Defendants") under the Lanham Act, Title 15 U.S.C. § 1051, *et seq.*, federal common law, and California statutes.  As will be clear from the discussion below, Beachbody's lawsuit is a transparent attempt to use litigation to eliminate competition in the marketplace for nutritional and dietary supplements; to wit, meal replacement shakes.

Beachbody is using this lawsuit to attempt to preclude Defendants from properly, legally, and accurately using the word Shakeology in Uniwell's comparative advertising to refer to Beachbody's Shakeology meal replacement shake.  Beachbody's attempt to suppress Uniwell's comparative advertising is legally untenable.  Indeed, the Federal Trade Commission has acknowledged that "[c]omparative advertising, when truthful and non-deceptive, is a source of important information to consumers and assists them in making rational purchase decisions," and "can lead to lower prices in the marketplace."  F.T.C. Statement of Policy Regarding Comparative Advertising, Aug. 13, 1979, *available at* https://www.ftc.gov/public-statements/1979/08/statement-policy-regarding-comparative-advertising.

Uniwell references the name Shakeology simply to describe Beachbody's Shakeology meal replacement shake in an advertisement inviting consumers "compare to the ingredients in shakeology by Beachbody."

1

2

3

4

5

6

7

8

9

10

11

12



13 Compl. at ¶ 23.  Such references constitute a non-trademark use of Shakeology's

14 name – a use to which the infringement laws simply do not apply.

15 ## II.   LEGAL STANDARD FOR MOTION TO DISMISS

16      In considering a motion to dismiss, a court must accept all of the plaintiff's

17 allegations as true and construe them in the light most favorable to the plaintiff.

18 *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007); *Erickson v. Pardus*,

19 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249

20 (9th Cir. 2007).  Dismissal for failure to state a claim can be warranted based on

21 either a lack of a cognizable legal theory or the absence of factual support for a

22 cognizable legal theory.  *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d

23 1097, 1104 (9th Cir. 2008); *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S.

24 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

25 content that allows the court to draw the reasonable inference that the defendant is

26 liable for the misconduct alleged.").  A complaint also may be dismissed for failure

27 to state a claim if the complaint discloses some fact or complete defense that will

28

necessarily defeat the claim.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

### III.   THE FIRST CLAIM FOR TRADEMARK INFRINGEMENT FAILS BECAUSE UNIWELL'S COMPARATIVE ADVERTISING CONSTITUTES NOMINATIVE FAIR USE OF SHAKEOLOGY'S NAME AND CREATES NO LIKELIHOOD OF CONFUSION

Beachbody asserts it owns U.S. Trademark Reg. No. 3534958 for SHAKEOLOGY and U.S. Trademark Reg. No. 4171714 for shakeology (collectively, "Beachbody's Shakeology Marks"), Compl. at ¶¶ 12-13, and that Defendants have infringed Beachbody's Shakeology Marks.  Compl. at ¶¶ 38-56.

Beachbody's claim for trademark infringement should be dismissed with prejudice.  Uniwell's reference to Shakeology's name in comparative advertising, appearing on the packaging for Uniwell's Omnihealth meal replacement shakes, simply invites consumers to "compare [the ingredients in Omnihealth] to the ingredients in shakeology by Beachbody."  This clearly constitutes permissible nominative fair use.

### A.   <u>Comparative Advertising Constitutes Permissible Nominative Fair Use</u>.

To state a claim for trademark infringement, Beachbody must allege that it has a valid, protectable trademark, and that Uniwell and/or Wal-Mart use the mark in a way that is likely to cause consumer confusion.  *Applied Info. Sciences. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007).  It is well settled that "liability for infringement may not be imposed for using a registered trademark in connection with truthful comparative advertising."  *Lindy Pen Co. v. Bic Pen Corp.*, 725 F.2d 1240, 1248 (9th Cir. 1984); *SSP Agricultural Equipment, Inc. v. Orchard-Rite Ltd.*, 592 F.2d 1096, 1102-03 (9th Cir. 1979) (holding that the defendant company did not infringe plaintiff's rights in its "TROPIC BREEZE" trademark by using the name in competitive advertising); *Volkswagenwerk Aktiengesellschaft v. Church*, 411 F.2d 350, 351 (9th Cir. 1969) (holding that the defendant car repair shop could

1   use plaintiff's trademark, "Volkswagen," in a sign stating "Modern Volkswagen

2   Porsche Service"); *Smith v. Chanel, Inc.*, 402 F.2d 562, 563 (9th Cir. 1969)

3   (holding that a perfume manufacturer could advertise its "2d Chance" perfume by

4   stating that the product was indistinguishable from "Chanel No. 5" as long as the

5   advertisement "[did] not contain misrepresentations or create a reasonable

6   likelihood that purchasers will be confused as to the source, identity, or

7   sponsorship of the advertiser's product").

8          Where a defendant has used the plaintiff's trademark in comparative

9   advertising to describe the plaintiff's product, even if the defendant's ultimate goal

10  is to describe his own product, the nominative fair use analysis is appropriate. *See*

11  *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1151 (9th Cir. 2002).  Such references

12  to a plaintiff's trademark "involv[e] a non-trademark use of a mark – a use to

13  which the infringement laws simply do not apply." *New Kids on the Block*, 971

14  F.2d 302, 307 (9th Cir. 1992); *see also Smith*, 402 F.2d at 565-66 ("[U]se of

15  another's trademark to identify the trademark owner's product in comparative

16  advertising is not prohibited by either statutory or common law, absent

17  misrepresentation regarding the products or confusion as to their source or

18  sponsorship.").  In these instances, the typical likelihood-of-confusion analysis is

19  replaced with a "nominative fair use" analysis. *See Toyota Motor Sales, U.S.A.,*

20  *Inc. v. Tabari*, 610 F.3d 1171, 1182 (9th Cir. 2010) ("[N]ominative fair use

21  'replaces' *Sleekcraft*[1] as the proper test for likely consumer confusion whenever

22  defendant asserts to have referred to the trademarked good itself."); *Cairns*, 292

23  F.3d 1139 at 1151 ("In *New Kids*, . . .  we developed a nominative fair use analysis

24  that *replaces* the likelihood of customer confusion analysis set forth in

25  *Sleekcraft*.") (emphasis in original).

26

27  _____

28  [1] *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979).

**B.**   **Uniwell's Use of Shakeology's Name Constitutes Permissible Nominative Fair Use and Therefore, is Non-Infringing.**

As applied in the present case, the nominative fair use analysis requires that (1) Beachbody's Shakeology shake not be readily identifiable without use of Shakeology's name, (2) Uniwell only use so much of Shakeology's name as reasonably necessary to identify Beachbody's Shakeology shake, and (3) neither Uniwell nor Wal-Mart do anything that would, in conjunction with Shakeology's name, suggest that Beachbody sponsors or endorses the Uniwell Omnihealth shake. *Cairns*, 292 F.3d at 1151; *New Kids*, 971 F.2d at 308.  As set forth below, Uniwell's use of Shakeology's name satisfies the elements of nominative fair use, and therefore does not constitute trademark infringement.

**1.**   **Beachbody's Shakeology Shake Is Not Readily Identifiable Without Use of the Shakeology Name.**

As a practical matter, one cannot succinctly and intelligibly invite consumers to compare the ingredients of the Omnihealth and Shakeology shakes without using the word "Shakeology."  For example, one could not succinctly and intelligibly use in comparative advertising Beachbody's pleaded reference to its shake as a "meal replacement shake contain[ing] more than 50 ingredients derived from rich, nutrient-dense whole-food sources from around the world including proprietary blends of superfood ingredients such as sacha inchi, camu-camu, moringa, maca, ashwagandha and astragalus, as well as specifically blended prebiotics, probiotics and digestive enzymes." (Compl. ¶ 14.).[2]  The law permits the identifying use of the Shakeology name.  *See, e.g., Cairns*, 292 F.3d at 1153 (holding that Princess Diana's person is not readily identifiable without use of her name, as "one might refer to 'the English princess who died in a car crash in 1997,' but it is far simpler (and more likely to be understood) to refer to 'Princess Diana.'"); *Volkswagenwerk*, 411 F.2d at 352 (recognizing that in "advertising [the repair of Volkswagens, it] would be difficult, if not impossible, for [defendant] to

---

[2] In any event, such a description fails adequately to reference Shakeology.

1    avoid altogether the use of the word 'Volkswagen' or its abbreviation 'VW,' which

2    are the normal terms which, to the public at large, signify appellant's cars.").

3            **2.   <u>Uniwell Used Only So Much of the Word Shakeology As</u>

4            <u>Was Reasonably Necessary to Identify Beachbody's</u>

5            <u>Shakeology Meal Replacement Shake.</u>**

6            Uniwell references the Shakeology name only to the extent necessary to

7    identify Beachbody's Shakeology meal replacement shake, stating "[c]ompare to

8    the ingredients in shakeology by Beachbody."  It is patently clear from the images

9    in the Complaint that neither Uniwell nor Wal-Mart displayed the Shakeology

10   name "in a stylization and font nearly identical to that depicted in Beachbody's

11   Shakeology and Design mark covered by U.S. Trademark Reg. No. 4171714."

12   Compl. ¶ 23.

13           On its packaging for its Omnihealth shake, Uniwell clearly uses <u>neither</u> the

14   Shakeology design mark's distinctive grey color nor the green leaf appearing over

15   the first "o" appearing in Shakeology's design mark.  Rather, Uniwell's use of the

16   Shakeology name appears in white on the consumer facing side of the Omnihealth

17   packaging, uses a lower case "s", and uses a font similar to other words appearing

18   on the front of the packaging, words such as "natural vanilla flavor," "natural

19   chocolate flavor," and "natural strawberry flavor."  *Compare* Compl. ¶ 13, U.S.

20   Trademark Reg. No. 4171714 for SHAKEOLOGY, *with* Compl. ¶ 23, Omnihealth

21   product packaging.

22           Uniwell's limited use of Shakeology's name clearly satisfies the second

23   element of the nominative fair use analysis.  *See, e.g., J.K. Harris & Co., LLC v.*

24   *Kassel*, 253 F. Supp. 2d 1120, 1127 (N.D. Cal. 2003) ("[C]riticizing [plaintiff] was

25   one of the primary objectives of the web pages.  Thus, Defendants' referential use

26   of the [plaintiff's] trade name, even though frequent and obvious, satisfies the

27   second prong of the New Kids on the Block Test, in that 'only so much of the mark

28   or marks [are] used as is reasonably necessary to identify the product or

7701492.4

6

services.'") (citation omitted); *Avery Dennison Corp. v. Acco Brands, Inc.*, Case No. CV 99-1877 DT (Mcx), 1999 U.S. Dist. LEXIS 21464, at *15 (C.D. Cal. Oct. 12, 1999) (concluding that defendant satisfied the second prong of the nominative fair use inquiry where defendant's reference to plaintiff's marks was in a "font [that] [was] not stylized or colored, and the [plaintiff's] logo [was] not used."); *New Kids on the Block*, 971 F.2d at 308, n.7 (noting that "a soft drink competitor would be entitled to compare its product to Coca-Cola or Coke, but would not be entitled to use Coca-Cola's distinctive lettering."); *see also Volkswagenwerk*, 411 F.2d 350 (finding Volkswagen could not prevent owner of automobile repair shop from using its mark where, among other things, the owner "did not use Volkswagen's distinctive lettering style or color scheme, nor display the encircled 'VW' emblem.").

### 3. Uniwell and/or Wal-Mart Did Nothing That Would, In Conjunction with Shakeology's Name, Suggest Sponsorship or Endorsement By Beachbody.

Nothing in Defendants' comparative advertising suggests sponsorship or endorsement by Beachbody. Indeed, the Omnihealth logo is prominently featured in a black font on the front of the consumer-facing sides of the package in a font size substantially larger than the Shakeology name. Compl. ¶¶ 21, 23, 27. Further, on the Wal-Mart website, the Omnihealth product is clearly advertised as "Omnihealth 14-Day Meal Replacement System Variety Pack, 14 count, 18 oz" and contains a sub-caption stating "*By: Omnihealth.*" *See* Compl. ¶ 21 (emphasis added); *see also* Compl. ¶ 27 (a screen shot from the website www.ohproducts.com, prominently offering for sale "OmniHealth 14-Day Meal Replacement Shake System").

Dispelling any suggestion of sponsorship or endorsement, Uniwell uses the Shakeology name only as a part of the phrase "Compare to…," and it clearly and expressly identifies Beachbody as the source of the Shakeology shake <u>directly</u> on

the Omnihealth product packaging.  *See* Compl. ¶¶ 23-24 (showing packaging for Omnihealth meal replacement shakes inviting consumers to "Compare to the ingredients in *shakeology by BeachBody*.") (emphasis added).  Such use of the Shakeology name in no way suggests sponsorship or endorsement by Beachbody; rather, it <u>expressly</u> and obviously signals the opposite -- that Beachbody <u>does not</u> sponsor the Omnihealth shake.  *See Avery*, Case No. CV 99-1877 DT (Mcx), 1999 U.S. Dist. LEXIS 21464, at *15 (concluding that defendant satisfied the third prong of the nominative fair use inquiry because "use of the words 'comparable to' expressly, or at the very least impliedly, signals that [plaintiff] does not sponsor the product," and the defendant's product name was "printed in large, red letters [that] dominates the . . . packaging" while the plaintiff's trademark appeared in "small, black letters at the bottom of packaging"); *see also Volkswagenwerk*, 411 F.2d at 352.[3]

Further, it is clear from Beachbody's allegations alone that no reasonably prudent consumer in the marketplace for meal replacement supplements would believe that Beachbody sponsors or endorses Omnihealth meal replacement.  As the Complaint makes clear, unlike Uniwell's meal replacement shakes, which are sold at Wal-Wart, Beachbody's Shakeology shakes are sold only through an "exclusive distribution network via Coaches and Beachbody's online stores," Compl. ¶ 18.  Moreover, Beachbody's Shakeology shakes are offered at a price two and one-half times as much as the Omnihealth meal replacement shakes.  *Compare* Compl. ¶ 19 ("Beachbody's SHAKEOLOGY® product is sold to

---

[3] While Beachbody alleges that upon purchasing the Omnihealth meal replacement shakes from a Wal-Mart store, a consumer is provided with a receipt indicating that the product is "Shakeology," Compl. ¶¶ 30, 44, Beachbody has failed to allege a single fact that would suggest that a reasonably prudent consumer in the marketplace for meal replacement supplements would believe that Beachbody sponsors or endorses Omnihealth meal replacement shakes based on the use of the word "Shakeology" on a <u>sales receipt</u> that consumers do not receive until <u>after</u> making a purchase.  Such an argument, even if alleged, would fail.  *See Toyota Motor Sales*, 610 F. 3d at 1176 ("In performing [a nominative fair use] analysis, our focus must be on the 'reasonably prudent consumer' in the marketplace.").

1  consumers at the price of . . . about $4.33 per day") *with* ¶ 28 ("Defendant Walmart

2  sells the OMNIHEALTH™ meal replacement shakes at a price . . . [of]

3  approximately $1.73 per day.)

4        In light of Uniwell's nominative fair use of the Shakeology name,

5  Beachbody's trademark infringement claim must be dismissed with prejudice.  *See*

6  *Architectural Mailboxes, LLC v. Epoch Design, LLC*, No. 10CV974 DMS CAB,

7  2011 U.S. Dist. LEXIS 46180, at *10 (S.D. Cal. Apr. 28, 2011) (granting motion to

8  dismiss and dismissing trademark infringement claim based on nominative fair

9  use).

10  **IV.  THE SECOND CLAIM, FOR UNFAIR COMPETITION AND FALSE
11  ASSOCIATION/FALSE DESIGNATION OF ORIGIN, FAILS TO
    STATE A CLAIM**

12        Beachbody's claim for unfair competition and false association/false

13  designation of origin under 15 U.S.C. § 1125(a) should be dismissed with

14  prejudice based on the Supreme Court's decision in *Dastar Corp. v. Twentieth*

15  *Century Fox Film Corp.*, 539 U.S. 23 (2003).  Alternatively, Beachbody's claim

16  for unfair competition and false association/false designation of origin under

17  15 U.S.C. § 1125(a) should be dismissed with prejudice on the same bases as

18  Beachbody's trademark infringement claim (discussed above) because Uniwell's

19  reference to Shakeology's name in comparative advertising constitutes permissible

20  nominative fair use.

21      **A.  Beachbody's Unfair Competition and False Association/False
22  Designation of Origin Is Barred Under the Supreme Court's
    *Dastar* Decision.**

23        The Complaint alleges that Defendants' purported "use of Beachbody's

24  SHAKEOLOGY® Marks on the competing OMNIHEALTH™ meal replacement

25  shakes . . . is likely to cause confusion or to cause mistake or to deceive consumers

26  into believing, at least initially, that Defendants or the OMNIHEALTH™ meal

27  replacement shakes are somehow affiliated, connected or associated with or

28  sponsored, endorsed or approved by Beachbody or its SHAKEOLOGY® meal

1   replacement shakes when that, in fact, is not the case." Compl. ¶ 58. As such,

2   Beachbody asserts that "such conduct constitutes a false designation of origin in

3   violation of 15 U.S.C. § 1125(a)." *Id.* ¶ 59.

4        The Lanham Act prohibits any person from using any "false designation of

5   origin" in connection with any goods or services in commerce that "is likely to

6   cause confusion, or to cause mistake, or to deceive as to the affiliation, connection,

7   or association of such person with another person, or as to the origin, sponsorship,

8   or approval of his or her goods, services, or commercial activities by another

9   person." 15 U.S.C. § 1125(a)(1)(A). In *Dastar*, the Supreme Court examined the

10  meaning of the "origin of goods" as used in Section 43(a)(1)(A). The facts of

11  *Dastar* are as follows: Fox Film obtained the exclusive television rights to produce

12  a television series based on General Dwight D. Eisenhower's book, *Crusade in*

13  *Europe*, which detailed the allied campaign in Europe during World War II.

14  *Dastar*, 539 U.S. at 25. Fox, in turn, arranged for Time, Inc. to produce a

15  television series based on the book. *Id.* at 26. In 1995, Dastar released a video

16  series entitled *World War II Campaigns in Europe* ("*Campaigns*") which borrowed

17  extensively from the original version of the *Crusade* television series. *Id.* at 26-27.

18  Dastar repackaged its *Campaigns* series and sold the video series as its own

19  product. *Id.* at 27. Fox sued Dastar alleging that "in marketing and selling

20  Campaigns as its own product without acknowledging its nearly wholesale reliance

21  on the Crusade television series, Dastar has made a 'false designation of origin,

22  false or misleading description of fact, or false or misleading representation of fact,

23  which . . . is likely to cause confusion . . . as to the origin . . . of his or her goods.'"

24  *Id.* at 31.

25       In concluding that Fox could not prevail on its false designation of origin

26  claim, the Court held that the phrase "origin of goods" in the Lanham Act refers to

27  "the producer of the tangible goods that are offered for sale, and not to the author

28  of any idea, concept, or communication embodied in those goods." *Id.* at 37. "For

merely saying it [was] the producer of the video, however, no Lanham Act liability attach[ed] to Dastar," because Dastar was indeed "the 'origin' of the product it sold as its own." *Id.* at 38.  Accordingly, where (as is alleged to be the case here) a defendant actually produced the goods at issue, there can be no liability for unfair competition and false association/false designation of origin under 15 U.S.C. § 1125(a).

As is patently clear from the Complaint, the origin of the Omnihealth meal replacement shakes sold by Uniwell and Wal-Mart is Uniwell, not Beachbody.  *See Deckers Outdoor Corp. v. J.C. Penney Co. Inc.*, 45 F.Supp.3d 1181, 1185 (C.D. Cal. 2014) (finding plaintiff failed to state a claim for false designation of origin and that under *Dastar*, "it is crucial that the origin of the boots JC Penney has sold is JC Penney – not Deckers.").  Unless Uniwell and/or Wal-Mart sold Beachbody's Shakeology meal replacement shakes as their own (something Beachbody does not allege), the fact remains that Uniwell is the "origin" of the goods.  *See Deckers*, 45 F. Supp. 3d at 1186 ("Unless JC Penney sold Deckers boots as its own – thus changing the 'origin' for Lanham Act purposes – the fact remains that JC Penney is the origin of its own goods.  Deckers may not use § 1125(a) as 'a species of perpetual patent and copyright' to attach Lanham Act liability to what is more properly the province of patent and copyright law.").  As such, Beachbody fails to state a claim for unfair competition and false association/false designation of origin under 15 U.S.C. § 1125(a) and this claim should be dismissed with prejudice.

### B.   Beachbody's False Association/False Designation of Origin Claim Also Fails Because Plaintiff Has Not Alleged Facts That Would Suggest A Likelihood of Confusion.

A claim for unfair competition and false association/false designation of origin under 15 U.S.C. § 1125(a) is analyzed in the same manner as a claim for trademark infringement.  *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046-47 n.6, 8 (9th Cir. 1999).  Accordingly, nominative fair use defeats a false designation of origin claim just as it does a trademark infringement

claim.  *See New Kids*, 971 F.2d at 309 (granting summary judgment to defendant on trademark infringement, false designation of origin, and other unfair advertising claims because "they all hinge on a theory of implied endorsement; there was none here as the uses in question were purely nominative"); *Stevo Design, Inc. v. SBR Mktg. Ltd*., 968 F.Supp. 2d 1082, 1090 (D. Nev. 2013) (nominative fair use fatal to trademark infringement and false designation of origin claims).  Thus, for the reasons described above, Beachbody's claims for unfair competition and false association/false designation of origin must be dismissed with prejudice.

## V.   THE THIRD CLAIM FOR FALSE ADVERTISING FAILS BECAUSE BEACHBODY HAS NOT SATISFIED THE HEIGHTENED PLEADING REQUIREMENTS FOR A FALSE ADVERTISING CLAIM.

The elements of a Lanham Act § 43(a) false advertising claim are: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products. *Southland Sod Farms v. Stover Seed Co.* 108 F.3d 1134, 1139 (9th Cir. 1997).

False advertising claims under the Lanham Act are subjected to the heightened pleading standard under Fed. R. Civ. P. 9(b) if the complaint "sounds in fraud."  *Brosnan v. Tradeline Sols., Inc.*, No. C-08-0694 JCS, 2009 U.S. Dist. LEXIS 48262, at *12 (N.D. Cal. June 5, 2009); *Pestube Systems, Inc. v. HomeTeam Pest* Def., LLC, 2006 U.S. Dist LEXIS 34337 at *14-15 (D. Ariz. May 24, 2006) (applying Rule 9(b) to Lanham Act claim where claim was "grounded" or "sounding" in fraud because of allegations of knowing misrepresentations); *Collegenet, Inc. v. XAP Corp.*, 2004 U.S. Dist. LEXIS 21059, *4 (D. Or. Oct 12,

2004) (applying Rule 9(b) to a Lanham Act claim where plaintiff alleged "knowing" and "intentional conduct").  Claims of fraud must include the "who, what, when, where, and how" of the alleged misconduct.  *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (citation omitted).

Beachbody's false advertising claim sounds in fraud, as the Complaint asserts Defendants purportedly knowingly made false statements of fact on the packaging of the Omnihealth meal replacement shakes.  Compl. ¶¶ 67-69. Specifically, the Complaint asserts that Uniwell's comparative advertisement "implicitly misleads consumers into believing that the ingredients in Defendants' OMNIHEALTH™ meal replacement shakes are comparable or similar to ingredients in Beachbody's SHAKEOLOGY® meal replacement shakes," Compl. ¶ 67.  Although the Complaint states that "Defendants' OMNIHEALTH™ meal replacement shake contains different ingredients than Beachbody's SHAKEOLOGY® meal replacement shakes and lacks the proprietary blends of ingredients," Compl. ¶ 68, Beachbody fails to articulate how the comparative statement is "false."  Allowing Beachbody to amend cannot cure this defect.  An invitation to compare two things is not a false statement, and repleading cannot make it so.  *See* Compl. ¶ 68 (Beachbody merely alleges that the ingredients in Omnihealth meal replacement shakes and Beachbody's Shakeology's meal replacement shakes are "different," and as such, the ingredients are "not comparable or similar.").  Accordingly, Beachbody's false advertising claim should be dismissed with prejudice.

**VI.    THE FOURTH CLAIM FOR CONTRIBUTORY TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION FAILS BECAUSE BEACHBODY FAILED TO STATE A CLAIM FOR DIRECT TRADEMARK INFRINGEMENT**

Beachbody's claim for contributory trademark infringement and unfair competition should be dismissed with prejudice because, as set forth above, Beachbody has not and cannot state a claim for direct trademark infringement.  *See*

1   *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n,* 494 F.3d 788, 807 (9th Cir. 2007)

2   (holding that contributory infringement requires some act of predicate

3   infringement).  Beachbody's failure to allege a trademark use beyond nominative

4   fair use is fatal to its claim for contributory trademark infringement and unfair

5   competition.  Accordingly, this claim too must be dismissed with prejudice.  *Stevo*

6   *Design*, 968 F. Supp. 2d at 1090.

7   **VII.   THE FIFTH CLAIM FOR CALIFORNIA UNFAIR COMPETITION
8   FAILS FOR THE SAME REASONS BEACHBODY'S LANHAM ACT
     CLAIMS FAIL**

9   "This [Ninth] Circuit has consistently held that state common law claims of

10  unfair competition and actions pursuant to California Business and Professions

11  Code §17200 are 'substantially congruent' to claims made under the Lanham Act."

12  *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994); *see also Japan*

13  *Telecom., Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 875 (9th Cir. 2002)

14  (plaintiff's "California unfair competition claim fails because its related Lanham

15  Act claim fails"); *Denbicare U.S.A., Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152-

16  53 (9th Cir. 1996), *abrogated on other grounds, Kirtsaeng v. John Wiley & Sons,*

17  *Inc.*, 133 S.Ct. 1351 (2013) (dismissal of plaintiff's §17200 claims were proper

18  since plaintiff's Lanham Act claim was properly dismissed).[4]  Thus, Beachbody's

19  California unfair competition claim under Cal. Bus. & Profs. Code §17200 should

20  be dismissed for the same reasons and on the same bases as its Lanham Act claims.

21

22  ───────────────

23  [4] Beachbody's California unfair competition claim also fails because it is
    preempted by federal law, as there is no "extra element" that distinguishes
    Beachbody's state law claim from its Lanham Act claims.  *Summit Mach. Tool*
24  *Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1442 (9th Cir. 1993) (holding state-
    law unfair competition claim preempted by federal law because plaintiff did not
25  identify any extra element that would provide it with relief for unfair competition
    under California law); *see also Deckers Outdoor Corp. v. J.C. Penney Co. Inc.*, 45
26  F. Supp. 3d 1181, 1185 (C.D. Cal. 2014); *Capcom Co. v. MKR Grp., Inc.*, No. C
    08-0904 RS, 2008 U.S. Dist. LEXIS 83836, at * 44-45 (N.D. Cal. Oct. 10, 2008).
27  Beachbody pleads no extra element in support of its state-law claims.  *See* Compl.
    ¶¶ 84-88.  Instead, the Complaint simply incorporates by reference Beachbody's
28  allegations made in connection with the federal claims.  *Id.* at ¶¶ 84-85.

## VIII. CONCLUSION

For these reasons, Defendants respectfully move the Court to dismiss with prejudice Beachbody's claims for (1) trademark infringement under 15 U.S.C. § 1114; (2) unfair competition and false association/false designation of origin under 15 U.S.C. §1125; (3) false advertising under 15 U.S.C. § 1125(b); (4) contributory trademark infringement/unfair competition under federal common law; and (5) California unfair competition under Cal. Bus. & Profs. Code §§ 17200 *et seq.*

DATED: May 23, 2016                    GORDON & GORDON, A
                                       Professional Law Corporation


                                       By: _____
                                           Anthony B. Gordon
                                           Attorneys for Defendant
                                           UNIVERSAL NUTRIENTS, LLC

DATED: May 23, 2016                    KARIN G. PAGNANELLI
                                       MITCHELL SILBERBERG & KNUPP LLP


                                       By:  /s/ Karin G. Pagnanelli
                                           _____
                                           Karin G. Pagnanelli
                                           Attorneys for Defendant
                                           WAL-MART STORES, INC.

7701492.4

15