Brett N. Taylor, State Bar No. 274400
Email: btaylor@cozen.com
COZEN O'CONNOR
601 S. Figueroa Street
Suite 3700
Los Angeles, CA 90017
Telephone: 213.892.7900
Toll Free Phone: 800.563.1027
Facsimile: 213.892.7999

Camille M. Miller, PA Bar No.: 79670
Email: cmiller@cozen.com *pro hac vice*
Melanie Miller, PA Bar No. 73499
Email: mmille@cozen.com *pro hac vice*
J. Trevor Cloak PA Bar No. 207981
Email: jcloak@cozen.com *pro hac vice*
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215.665.2000
Facsimile: 215.665.2013

Attorneys for Plaintiff Beachbody, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEACHBODY, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL NUTRIENTS, LLC d/b/a/ UNIWELL and WAL-MART STORES, INC.,<br><br>Defendants. | Case No.: 2:16-cv-02015-R-(JPRx)<br><br>[Assigned for all purposes to Hon. Manuel L. Real, Courtroom 8, 2nd Floor]<br><br>**PLAINTIFF BEACHBODY, LLC'S FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Beachbody, LLC ("Beachbody"), by and through its undersigned attorneys, for its first amended complaint against Defendants, Universal Nutrients, LLC d/b/a UniWell ("UniWell") and Wal-mart Stores, Inc. ("Walmart") (each a "Defendant" and, collectively, the "Defendants"), allege as follows:

### Parties

1.     Beachbody is a Delaware limited liability company with an office at 3301 Exposition Blvd., Santa Monica, CA 90404.

2.     Defendant UniWell is a Texas limited liability company with a principal place of business at 14801 Sovereign Rd., Fort Worth, TX, 76155.

3.     Defendant Walmart is a Delaware corporation with a registered agent in Delaware.

### Jurisdiction and Venue

4.     This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, *et seq.*, federal common law and the State of California's Statutes and California common law.  Therefore, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338 because this action involves federal questions of law.

5.     This Court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121.

6.     This Court has supplemental jurisdiction under the state law claims under 28 U.S.C. § 1367.

7.     Defendant UniWell is subject to this Court's personal jurisdiction because Defendant UniWell has purposefully availed itself of this forum.  Defendant UniWell has engaged Defendant Walmart as its exclusive retailer for the infringing OMNIHEALTH™ products at issue in this litigation, with, upon information and belief, actual (or at least constructive) knowledge that Defendant Walmart has retail stores nationwide, including 298 retail stores in California. In addition, Defendant Walmart has an active, online website that is accessible to and actively advertises to

1

residents of this judicial district, and allows for the sale and shipment of the infringing OMNIHEALTH™ products to consumers within this forum.  Further, Defendant UniWell operates a website which advertises the infringing OMNIHEALTH™ products to consumers and residents of this judicial district, and includes a prominent Buy Now button allowing consumers in this judicial district to directly purchase and be shipped the infringing OMNIHEALTH™ products. Defendant UniWell therefore has sufficient minimum contacts with this jurisdiction and it would be reasonable to require Defendant UniWell to defend a lawsuit brought in this state.  Likewise, for similar reasons, a substantial portion of the events giving rise to this case occurred in this jurisdiction.

8.     Defendant Walmart is subject to this Court's personal jurisdiction because, upon information and belief, it has carried on continuous and systematic business in this State and judicial district and has purposefully availed itself of this forum.

9.     Venue is proper in this judicial district pursuant to Title 28 U.S.C. § 1391(b).

**Background as to Beachbody's Business and its Intellectual Property**

10.     Beachbody is a company involved in the marketing, advertising, promotion, sale and distribution of health, fitness, wellness and nutrition products and services, including various in-home fitness and weight loss DVD-based programs, meal replacement shakes and dietary supplements.

11.     Beachbody offers for sale dietary and nutritional supplements and meal replacement shakes that promote weight loss, muscle gain, energy, nutritional health and assist in post-workout recovery.  One such supplement is Beachbody's well-known SHAKEOLOGY® meal replacement shake, which is sold as a standalone product or in packages in connection with certain of Beachbody's health, fitness, wellness and/or exercise-related programs.

12.     Beachbody owns U.S. Trademark Reg. No. 3534958 for SHAKEOLOGY® for nutritional and dietary supplements, meal replacement shakes and meal replacement bars in International Class 5.  This mark was first used in commerce at least as early as September 1, 2007 and this registration is incontestable.

13.     Beachbody also owns U.S. Trademark Reg. No. 4171714 for its **shakeology** logo for nutritional and dietary supplements; meal replacement shakes; and meal replacement bars in International Class 5.  This mark was used in commerce at least as early as September 1, 2007.

14.     The **shakeology** logo has distinctive font with the letters for "shakeology" all being in lower case and all being the same size.  As used herein SHAKEOLOGY® and the **shakeology** logo are referred to as the "SHAKEOLOGY® Marks."

15.     The SHAKEOLOGY® meal replacement shake contains more than 50 ingredients derived from rich, nutrient-dense whole-food sources from around the world including proprietary blends of superfood ingredients such as sacha inchi, camu-camu, moringa, maca, ashwagandha and astragalus, as well as specifically blended prebiotics, probiotics and digestive enzymes.

16.     Beachbody has conducted multiple clinical trials showing the efficacy and multiple benefits derived from the unique SHAKEOLOGY® formula.

17.     Beachbody's well-known SHAKEOLOGY® nutritional supplement products have achieved great success since their introduction on or around September 1, 2007.  In fact, the SHAKEOLOGY® nutritional supplement products are so popular that, as of March 2016, more than 14,200,000 units of SHAKEOLOGY® product have been sold since its launch.  Moreover, Beachbody's Facebook® page for its SHAKEOLOGY® nutritional supplement has over 432,000 likes.

18.     Beachbody has extended significant resources in publicizing the SHAKEOLOGY® nutritional supplement and, as a result of such efforts, consumers

3

have come to associate the SHAKEOLOGY® Marks and SHAKEOLOGY® product with Beachbody and the SHAKEOLOGY® Marks have accrued significant goodwill and consumer recognition.

19.     Beachbody's SHAKEOLOGY® product is available for sale solely from its websites at www.shakeology.com and www.teambeachbody.com, as well as through Beachbody's distribution network of independent, third party individuals referred to as "Coaches." Given this exclusive distribution network via Coaches and Beachbody's online stores, it is critical that Beachbody's SHAKEOLOGY® product has never been authorized for sale in any retail channel.

20.     Beachbody's SHAKEOLOGY® product is sold to consumers at the price of $129.95 for a 30-day supply, or about $4.33 per day.

## **Background as to the Defendants' Unlawful Conduct**

21.     Defendant Walmart is a retail provider of various merchandise, including dietary and nutritional supplements, and is the exclusive retailer for the OMNIHEALTH™ meal replacement shakes.

22.     Walmart advertises, markets, offers for sale and sells the OMNIHEALTH™ meal replacement shakes, which directly competes with Beachbody's SHAKEOLOGY® product, in certain Walmart retail stores, as well as on Walmart's online store at www.walmart.com, as shown below (see next page):

FIRST AMENDED COMPLAINT





FIRST AMENDED COMPLAINT



23.    Defendant UniWell is a private label manufacturer of dietary supplements, pharmaceutical and nutraceuticals, including the OMNIHEALTH™ meal replacement shakes.

24.    The packaging for the OMNIHEALTH™ competing meal replacement shakes (including as depicted on Defendant Walmart's website) prominently displays Beachbody's SHAKEOLOGY® mark, in its entirety, multiple times on this packaging in a stylization and font nearly identical to the **shakeology** logo as depicted in Beachbody's SHAKEOLOGY® and Design mark covered by U.S. Trademark Reg. No. 4171714, as shown below:



25.    A side-by-side comparison of the use of "SHAKEOLOGY" on the OMNIHEALTH™ packaging and of Beachbody's SHAKEOLOGY® logo makes plainly apparent the similarities in font type and stylization (including the use of a

lowercase "s", bolded letters and the same font): **shakeology** versus **shakeology**.

26.    Further adding to the confusion, the OMNIHEATH packaging contains a green leaf above the "i" in "OMNIHEALTH" nearly identical to that used in Beachbody's **shakeology** logo as depicted in Beachbody's SHAKEOLOGY® and Design mark covered by U.S. Trademark Reg. No. 4171714, as shown above.

27.    Tellingly, the font used for "SHAKEOLOGY" on the OMNIHEALTH™ packaging is different than the font used on the rest of the packaging for the OMNIHEALTH™ shakes and is different than the font Defendant UniWell has used when referencing other third party trademarks in a similar manner (in which case Defendant also uses fonts and stylizations similar to the fonts and stylizations used by such other third parties) as shown below.  This plainly shows that more of Beachbody's SHAKEOLOGY® and Design mark is being used than is reasonably necessary to identify Beachbody's SHAKEOLOGY® product.

 versus 

(note that HERBALIFE is displayed in all capitals in a font similar to that used by the manufacturer of the HERBALIFE® products)

FIRST AMENDED COMPLAINT

28.     Given the prominent, bolded placement of "SHAKEOLOGY" immediately at the top of the packaging for Defendants' competing OMNIHEALTH™ meal replacement shakes, in a font and stylization nearly identical to Beachbody's SHAKEOLOGY® and Design mark, consumers are likely to view this portion of the packaging first and be confused into believing that the OMNIHEALTH™ meal replacement shakes are affiliated or associated with Beachbody or its SHAKEOLOGY® product when that, in fact, is not the case.

29.     The OMNIHEALTH™ product packaging, as does Defendant Walmart's Website, further states and invites consumers to "Compare to the ingredients in Shakeology by Beachbody."

30.     This language implicitly and expressly suggests to consumers that the ingredients in Defendants' competing OMNIHEALTH™ meal replacement shakes are comparable or similar to those in Beachbody's SHAKEOLOGY® meal replacement shakes.

31.     However, Defendants' OMNIHEALTH™ meal replacement shake does not contain comparable ingredients to Beachbody's SHAKEOLOGY® meal replacement shakes, including, for example, the proprietary blends of ingredients noted above and, accordingly, is not in fact comparable thereto.

32.     Defendants' statement that their competing OMNIHEALTH™ meal replacement shakes are comparable or similar to those in Beachbody's SHAKEOLOGY® meal replacement shakes is either factually false or the necessary implication of the statement if false.

33.     Defendants' statement referenced in paragraph 29 deceives consumers and is intended to deceive consumers.

34.     In addition, Defendant UniWell or, upon information and belief, its affiliate, OmniHealth, Inc., acting on its behalf, also advertises the OMNIHEALTH™ meal replacement shakes at the website www.ohproducts.com, as shown below:



35.     Defendant Walmart sells the OMNIHEALTH™ meal replacement shakes at a price similar to Beachbody, namely, at about $25.97 for a 14-day supply, or approximately $1.73 per day.

36.     Moreover, Defendant Walmart sells these products via distribution channels that overlap with Beachbody, namely, via an online, interactive website.

37.     Upon purchasing the OMNIHEALTH™ meal replacement shakes from a Walmart store, consumers are provided a receipt that falsely indicates that the product

10

FIRST AMENDED COMPLAINT

is "SHAKEOLOGY", as depicted in the receipt below:





38.     Defendants' statement, as reflected in the above receipt, that their competing OMNIHEALTH™ meal replacement shakes are in fact SHAKEOLOGY® meal replacement shakes is both factually false and the necessary implication of the statement if false.

39.     Defendants' statement as reflected in the above receipt, that their competing OMNIHEALTH™ meal replacement shakes are in fact SHAKEOLOGY® meal replacement shakes deceives consumers and is intended to deceive consumers.

40.     By falsely identifying the competing OMNIHEALTH™ meal replacement shakes as SHAKEOLOGY® meal replacement shakes on the receipt,

11

consumers of the OMNIHEALTH™ meal replacement shakes are deceived.  For example, to the extent such consumers are unhappy with the OMNIHEALTH™ meal replacement shakes and return same or have complaints about same, such consumers are likely to be confused into believing that the complained-about product is associated or affiliated with Beachbody or its SHAKEOLOGY® product when that in fact is not the case, which could detrimentally impact the goodwill associated with Beachbody's SHAKEOLOGY® trademark and associated nutritional supplement. Consumers reviewing the receipt after purchase could also be deceived into believing that the OMNIHEALTH™ meal replacement shakes are associated with Beachbody or its SHAKEOLOGY® product when making a decision whether or not to repurchase the OMNIHEALTH™ meal replacement shakes.

41.    In addition, use of "SHAKEOLOGY" on the receipt suggests that the OMNIHEALTH™ meal replacement shakes are coded as "SHAKEOLOGY" in Defendant Walmart's systems such that consumers requesting "SHAKEOLOGY" at Walmart are likely directed to the OMNIHEALTH™ meal replacement shakes by store personnel, thereby causing and increasing consumer confusion.

42.    A substantial number of the consuming public will likely be deceived by these false statements and these statement are material and likely to influence a consumer's decision to purchase or repurchase the OMNIHEALTH™ meal replacement shakes or the SHAKEOLOGY® product.

43.    The consumers of Defendants' OMNIHEALTH™ meal replacement shakes and Beachbody's SHAKEOLOGY® meal replacement shakes overlap. For example, in a sample review for Defendants' OMNIHEALTH™ product directly on Walmart's website selling the OMNIHEALTH™ product, a consumer states "I didn't know about this product until about a week ago, when I spotted the box at my local Wal-Mart. I decided to give it a go, having tried Shakeology in the past and liking the results." (https://www.walmart.com/reviews/product/47311155)

FIRST AMENDED COMPLAINT

44.     Defendants' advertising, promotion, offering for sale and sale of a meal replacement shake that competes with Beachbody's SHAKEOLOGY® meal replacement shake, that includes packaging that prominently displays Beachbody's SHAKEOLOGY® mark in a font and stylization nearly identical to the shakeology logo used and registered by Beachbody, in distribution channels that overlap those of Beachbody, at a price similar to Beachbody's and to overlapping consumers is likely to cause confusion in the marketplace.  Indeed, consumers are likely to believe that Defendants and/or the OMNIHEALTH™ meal replacement shakes are affiliated or associated with, or sponsored or endorsed by, Beachbody or its SHAKEOLOGY® meal replacement shakes when that, in fact is not the case.

45.     Concerned about Defendants' actions, about which Beachbody became aware on or around December 28, 2015, Beachbody, through its counsel, sent Defendant UniWell a cease-and-desist letter on or around January 8, 2016, advising UniWell of Beachbody's rights in and to its SHAKEOLOGY® Marks and demanding that UniWell immediately cease and refrain from using the SHAKEOLOGY® Marks or any confusingly similar designations on its packaging for its competing meal replacement shakes.

46.      On or around January 15, 2016, UniWell responded to this letter through its counsel, requesting additional information concerning Beachbody's claims.

47.     Since receiving this letter, UniWell and Beachbody, through their respective counsel, have engaged in a series of conversations.

48.     Defendants also have constructive knowledge of Beachbody's rights in and to its SHAKEOLOGY® Marks as a result of Beachbody's federal registrations therefore.

13

FIRST AMENDED COMPLAINT

49.     Despite having actual or constructive knowledge of Beachbody's prior rights in its SHAKEOLOGY® Marks, Defendants continue to advertise, market, offer for sale, sell and distribute the infringing OMNIHEALTH meal replacement shakes.

## COUNT I

## TRADEMARK INFRINGEMENT under 15 U.S.C. § 1114

50.     Beachbody repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

51.     Beachbody owns and uses in commerce the SHAKEOLOGY® Marks, including those identified in paragraphs 12 and 13 above, and has priority in its SHAKEOLOGY® Marks.

52.     The federal registrations for the SHAKEOLOGY® Marks evidence Beachbody's exclusive right to use SHAKEOLOGY® and **shakeology** in connection with, *inter alia*, meal replacement shakes.

53.     The incontestable status of Beachbody's SHAKEOLOGY® registration, U.S. Trademark Reg. No. 3534958, provides conclusive evidence of the validity of the SHAKEOLOGY® mark in connection with the goods specified in the affidavits filed under the provisions of 15 U.S.C. § 1065.

54.     An identical reproduction of Beachbody's SHAKEOLOGY® word mark appears on the packaging for Defendants' OMNIHEALTH™ meal-replacement shakes.  In fact, Defendants' use of SHAKEOLOGY® is in a nearly identical font and stylization as depicted in Beachbody's **shakeology** logo, with the exception that the wording is in white and the depiction of the green leaf above the first "O" in SHAKEOLOGY is absent.

55.     Further adding to the confusion, the OMNIHEATH™ packaging contains a nearly identical green leaf to that appearing in Beachbody's **shakeology** logo as depicted in Beachbody's SHAKEOLOGY® and Design mark covered by U.S. Trademark Reg. No. 4171714.

14

56.     Defendants depict "SHAKEOLOGY" prominently on the packaging for the OMNIHEALTH™ meal replacement shakes at the top of the consumer-facing sides of the packaging in a font size that is larger than the text immediately surrounding the use of "SHAKEOLOGY."  Consumers viewing the packaging for the OMNIHEALTH™ meal-replacement shakes will first see Defendants' use of "SHAKEOLOGY" given its location at the top of the packaging in bold and prominent font.

57.     Defendant Walmart also fraudulently misrepresents to consumers that the OMNIHEALTH™ meal replacement shakes are in fact associated or affiliated with Beachbody's SHAKEOLOGY® meal replacement shakes by advising consumers, via the retail receipt at the time of sale, that the product consumers purchased was "SHAKEOLOGY".

58.     Upon purchasing the OMNIHEALTH™ meal replacement shakes from a Walmart store, consumers are provided a receipt that incorrectly indicates that the product is "SHAKEOLOGY", as depicted in the receipt below:

FIRST AMENDED COMPLAINT

59.     Defendants' statement as reflected in the above receipt, that their competing OMNIHEALTH™ meal replacement shakes are in fact SHAKEOLOGY® meal replacement shakes likely deceives consumers deciding to repurchase the OMNIHEALTH™ meal replacement shakes that such shakes are affiliated or associated with or otherwise sponsored or endorsed by Beachbody or its SHAKEOLOGY™ product when that, in fact, is not the case.

60.     Defendants are using the SHAKEOLOGY® mark in connection with goods that are identical (or nearly so) to those offered for sale by Beachbody under its SHAKEOLOGY® Marks, namely, meal-replacement shakes.

FIRST AMENDED COMPLAINT

61.     The meal replacement shakes sold by Defendants are offered for sale through overlapping trade channels as Beachbody's SHAKEOLOGY® meal replacement shakes, namely, through an interactive online website.

62.     The consumers of both Beachbody and Defendants' respective meal replacement shakes overlap.

63.     The prices charged for Beachbody's and Defendants' respective meal replacement shakes are similar and differ only by a couple of dollars per unit.

64.     Beachbody and Defendants are competitors given the similarity or identical nature of the meal replacement shakes, channels of trade and consumers.

65.     Defendants' use in commerce of the SHAKEOLOGY® Marks or confusingly similar variations thereof in connection with the offering for sale, sale, distribution and/or advertising of meal replacement shakes that compete with Beachbody's SHAKEOLOGY® meal replacement shakes and on the aforementioned receipt is likely to cause confusion or to cause mistake or to deceive consumers into believing that Defendants or the OMNIHEALTH™ meal replacement shakes are somehow affiliated or associated with, or sponsored or endorsed by, Beachbody or its SHAKEOLOGY® meal replacement shakes when that, in fact, is not the case.

66.     Beachbody is likely to be irreparably damaged by the foregoing actions. Accordingly, Defendants' actions constitute trademark infringement of Beachbody's federally registered trademarks in violation of the Lanham Act 15 U.S.C. § 1114.

67.     Defendants' conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Beachbody, and Beachbody's business, reputation and goodwill.  Beachbody's damages from Defendants' aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

68.     Defendants' actions are willful and intentional.

FIRST AMENDED COMPLAINT

69.     The activities of Defendants complained of herein constitute willful and intentional infringement of Beachbody's registered SHAKEOLOGY® Marks in derogation of Beachbody's rights in violation of 15 U.S.C. § 1114.

70.     Beachbody seeks attorneys' fees and costs given the willful conduct of Defendants.

71.     Beachbody seeks treble damages given the willful conduct of Defendants.

## COUNT II

## UNFAIR COMPETITION AND FALSE ASSOCIATION under 15 U.S.C. §1125

72.     Beachbody repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

73.     The packaging for the OMNIHEALTH™ competing meal replacement shakes (including as depicted on Defendant Walmart's website) prominently displays Beachbody's SHAKEOLOGY® mark, in its entirety, multiple times on this packaging in a stylization and font nearly identical to the **shakeology** logo.

74.     Further adding to the confusion, the OMNIHEALTH™ packaging contains a nearly identical green leaf to that appearing in Beachbody's **shakeology** logo.

75.     The packaging, as does Defendant Walmart's Website, further states and invites consumers to "Compare to the ingredients in Shakeology by Beachbody."

76.     This language implicitly and expressly suggests to consumers that the ingredients in Defendants' competing OMNIHEALTH™ meal replacement shakes are comparable or similar to those in Beachbody's SHAKEOLOGY® meal replacement shakes.

77.     However, Defendants' OMNIHEALTH™ meal replacement shake does not contain comparable ingredients to Beachbody's SHAKEOLOGY® meal

18

replacement shakes, including, for example, the proprietary blends of ingredients noted above and, accordingly, is not in fact comparable thereto.

78.    Defendants' aforementioned statement is either factually false or the necessary implication of the statement if false, and such statement is intended to deceive consumers.

79.    Upon purchasing the OMNIHEALTH™ meal replacement shakes from a Walmart store, consumers are provided a receipt that incorrectly indicates that the product is "SHAKEOLOGY", as depicted in the receipt below:



80.    Defendants' statement, as reflected in the above receipt, that their competing OMNIHEALTH™ meal replacement shakes are in fact SHAKEOLOGY® meal replacement shakes is both factually false and the necessary implication of the statement if false.

81.    Defendants' statement as reflected in the above receipt, that their competing OMNIHEALTH™ meal replacement shakes are in fact SHAKEOLOGY® meal replacement shakes deceives consumers and is intended to deceive consumers.

FIRST AMENDED COMPLAINT

82.   Defendants' use of Beachbody's SHAKEOLOGY® Marks on the competing OMNIHEALTH™ meal replacement shakes and the aforementioned receipt as discussed herein is likely to cause confusion or to cause mistake or to deceive consumers into believing that Defendants or the OMNIHEALTH™ meal replacement shakes are somehow affiliated, connected or associated with or sponsored, endorsed or approved by Beachbody or its SHAKEOLOGY® meal replacement shakes when that, in fact, is not the case.  Such conduct is therefore actionable under 15 U.S.C. §1125(a).

83.   Such conduct also constitutes a false association with Beachbody in violation of 15 U.S.C. § 1125(a).

84.   Beachbody is likely to be irreparably damaged by the foregoing actions. Accordingly, Defendants' actions constitute trademark infringement of Beachbody's SHAKEOLOGY® Marks in violation of the Lanham Act 15 U.S.C. § 1125.

85.   Defendants' conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Beachbody, and Beachbody's business, reputation and goodwill.  Beachbody's damages from Defendants' aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

86.   Defendants' actions are willful and intentional.

87.   The activities of Defendants complained of herein constitute willful and intentional infringement of Beachbody's registered SHAKEOLOGY® Marks in derogation of Beachbody's rights in violation of 15 U.S.C. § 1125.

88.   Beachbody seeks attorneys' fees and costs given the willful conduct of Defendants.

**89.**   Beachbody seeks treble damages given the willful conduct of Defendants.

**COUNT III**

**FALSE ADVERTISING under 15 U.S.C. § 1125(b)**

90.    Beachbody repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

91.    The packaging for the OMNIHEALTH™ competing meal replacement shakes (including as depicted on Defendant Walmart's website) prominently displays Beachbody's SHAKEOLOGY® mark, in its entirety, multiple times on this packaging in a stylization and font nearly identical to the **shakeology** logo.

92.    Further adding to the confusion, the OMNIHEATH packaging contains a nearly identical green leaf to that depicted in Beachbody's **shakeology** logo.

93.    The packaging, as does Defendant Walmart's Website, further states and invites consumers to "Compare to the ingredients in Shakeology by Beachbody."

94.    This language implicitly and expressly suggests to consumers that the ingredients in Defendants' competing OMNIHEALTH™ meal replacement shakes are comparable or similar to those in Beachbody's SHAKEOLOGY® meal replacement shakes.

95.    However, Defendants' OMNIHEALTH™ meal replacement shake does not contain comparable ingredients to Beachbody's SHAKEOLOGY® meal replacement shakes, including, for example, the proprietary blends of ingredients noted above and, accordingly, is not in fact comparable thereto.

96.    Defendants' aforementioned statement set forth in paragraph 93 is either factually false or the necessary implication of the statement if false, and such statement is intended to deceive consumers.

97.    Upon purchasing the OMNIHEALTH™ meal replacement shakes from a Walmart store, consumers are provided a receipt that falsely indicates that the product

is "SHAKEOLOGY", as depicted in the receipt below:





98.     Defendants' statement, as reflected in the above receipt, that their competing OMNIHEALTH™ meal replacement shakes are in fact SHAKEOLOGY® meal replacement shakes is both factually false and the necessary implication of the statement if false.

99.     Defendants' statement as reflected in the above receipt, that their competing OMNIHEALTH™ meal replacement shakes are in fact SHAKEOLOGY® meal replacement shakes deceives consumers and is intended to deceive consumers.

100.    Defendants made false statements of fact about the OMNIHEALTH™ meal replacement shakes.  Namely, Defendants in promoting such meal replacement

22

shakes via the product packaging therefore and on the website at www.walmart.com since at least December 2015, have included in such advertising and packaging a claim inviting consumers to "Compare to the ingredients in SHAKEOLOGY by Beachbody." This statement implicitly misleads consumers into believing that the ingredients in Defendants' OMNIHEALTH™ meal replacement shakes are comparable or similar to the ingredients in Beachbody's SHAKEOLOGY® meal replacement shakes.

101. Upon information and belief, Defendants' OMNIHEALTH™ meal replacement shake contains different ingredients than Beachbody's SHAKEOLOGY® meal replacement shakes and lacks the proprietary blends of ingredients referenced in paragraph 15 hereunder. Accordingly, the ingredients in the OMNIHEALTH™ meal replacement shakes are not comparable or similar to the ingredients in Beachbody's SHAKEOLOGY® meal replacement shakes.

102. Defendants also made a false statement of fact by identifying the OMNIHEALTH™ meal replacement shakes as "SHAKEOLOGY" in the consumer's receipt.

103. Upon information and belief, Defendants knew that these statements of fact were false.

104. Defendants' aforementioned advertisement and packaging has the tendency to deceive a substantial segment of the consuming public as such claims cut to the quality and efficacy of the OMNIHEALTH™ shakes, and the quality/efficacy of a product is one of its most material attributes, particularly in connection with fitness, health and diet-related goods. Accordingly, a substantial segment of the consuming public is likely to be deceived by Defendants' advertisement and packaging into believing that Defendants' OMNIHEALTH™ meal replacement shakes are of a quality similar to Beachbody's SHAKEOLOGY® meal replacement shakes when that, in fact, is not the case.

105.   For similar reasons, Defendants' false statement of fact appearing in the aforementioned advertisement and packaging is material in that it is likely to influence the consuming public into purchasing Defendants' OMNIHEALTH™ meal replacement shakes when such consumers otherwise would not do so.  This is particularly likely given that Defendants' false statement is directed to the efficacy and quality of the product, as noted above.

106.   Defendants have publicly displayed the aforementioned advertisement and packaging on the Internet at least at www.walmart.com and www.ohproducts.com and in multiple retail stores and, in so doing, has caused same to enter into interstate commerce.

107.   Likewise, Defendants' identification of the OMNIHEALTH™ meal replacement shakes as "SHAKEOLOGY" in the product receipt has a tendency to deceive a substantial number of consumers as the claim cuts to the identity of the product, which is one of its material attributes.  Accordingly, a substantial number of the consuming public is likely to be deceived into believing that the OMNIHEALTH™ meal replacement shakes are related to or associated with "SHAKEOLOGY" when that is not true.

108.   Defendants' false statement of fact is likely to influence the consuming public in making a purchasing decision.  Consumers reviewing the receipt for the OMNIHEALTH™ meal replacement shakes and falsely associating same with Beachbody's well-known SHAKEOLOGY® product could be more apt to repurchase the OMNIHEALTH™ meal replacement shakes, falsely believing the same are associated with Beachbody or its SHAKEOLOGY® product when that is not the case.

109.   Copies of the aforementioned receipt were distributed to consumers and have entered interstate commerce.

110.   Beachbody is likely to be injured as a result of Defendants' foregoing actions, as Beachbody offers for sale and sells meal replacement shakes that are competitive to Defendants' meal replacement shakes.

FIRST AMENDED COMPLAINT

111.   Defendants' conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Beachbody, and Beachbody's business, reputation and goodwill.  Beachbody's damages from Defendants' aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

112.   Defendants' conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Beachbody, and Beachbody's business, reputation and goodwill.  Beachbody's damages from Defendants' aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

## COUNT IV

## CONTRIBUTORY TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION under Federal Common Law

113.   Beachbody repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

114.   Upon information and belief, Defendants, with knowledge of each other's infringing actions, including actual or constructive knowledge that use of the SHAKEOLOGY® mark as described herein infringes upon Beachbody's valuable intellectual property rights in and to its SHAKEOLOGY® Marks and that use of the language discussed above in paragraphs 93and 97 constitutes false advertising, have nonetheless continued to support one another in their infringing and unlawful actions described herein.

115.   Accordingly, Defendants' actions constitute contributory trademark infringement under federal common law and entitle Beachbody to injunctive relief and damages.

116.   Defendants' conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of

Beachbody, and Beachbody's business, reputation and goodwill.  Beachbody's damages from Defendants' aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

117.   Defendants' actions are willful and intentional.

118.   The activities of Defendants complained of herein constitute willful and intentional contributory infringement of Beachbody's registered SHAKEOLOGY® Marks in derogation of Beachbody's rights in violation of 15 U.S.C. §§ 1114 and 1125.

119.   Beachbody seeks attorneys' fees and costs given the willful conduct of Defendants.

120.   Beachbody seeks treble damages given the willful conduct of Defendants.

## COUNT V

## CALIFORNIA UNFAIR COMPETITION under Cal. Bus. & Profs. Code §§ 17200 *et seq.*

121.   Beachbody repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

122.   Defendants' actions as set forth herein constitute unlawful, unfair or fraudulent business acts or practices and/or unfair, deceptive, untrue and/or misleading advertising.

123.   Beachbody has suffered injury in fact and has lost money as a result of Defendants' actions and, accordingly, has standing to bring this cause of action.

124.   Accordingly, Defendants' actions complained of herein constitute deceptive trade practices pursuant to Cal. Bus. & Profs. Code §§ 17200 *et seq.*

125.   Defendants' conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Beachbody, and Beachbody's business, reputation and goodwill.  Beachbody's

26

damages from Defendants' aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

## COUNT VI

## COMMERCIAL DISPARAGEMENT / TRADE LIBEL under California Common Law

126.   Beachbody repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

127.   Upon purchasing the OMNIHEALTH™ meal replacement shakes from a Walmart store, consumers are provided a receipt that incorrectly indicates that the product is "SHAKEOLOGY", as noted above.

128.   Defendants' statement, as reflected in the above-referenced receipt, that their competing OMNIHEALTH™ meal replacement shakes are in fact SHAKEOLOGY® meal replacement shakes is both factually false and the necessary implication of the statement if false.

129.   Defendants' statement as reflected in the above-referenced receipt, that their competing OMNIHEALTH™ meal replacement shakes are in fact SHAKEOLOGY® meal replacement shakes deceives consumers and is intended to deceive consumers.

130.   Defendants' statement as reflected in the above-referenced receipt specifically refers to Beachbody's SHAKEOLOGY® product.

131.   The statement was published via distribution of multiple copies of the receipt to consumers.

132.   Defendants' statement as reflected in the above-referenced receipt clearly derogates the SHAKEOLOGY product.  One main use of a receipt is to return an unwanted product that is damaged, lacking in quality or otherwise not satisfactory to a consumer.  Consumers attempting to return the OMNIHEALTH™ meal replacement shakes for a refund will need to present a copy of their receipt, which falsely indicates

27

that the OMNIHEALTH™ meal replacement shakes are in fact Beachbody's SHAKEOLOGY® product.  By identifying the OMNIHEALTH™ meal replacement shakes as "SHAKEOLOGY" on the receipt, the receipt clearly derogates the SHAKEOLOGY® product by associating such product with products that are not wanted, damaged, lacking in quality, or otherwise not satisfactory to a consumer.

133.   The false and derogatory statement, namely, identifying the OMNIHEALTH™ meal replacement shakes on the above-referenced receipt as "SHAKEOLOGY" induces consumers to not purchase Beachbody's SHAKEOLOGY® product, by associating the product with products that are not wanted, damaged, lacking in quality or otherwise not satisfactory to a consumer.

134.   Beachbody has suffered injury in fact and has lost money as a result of Defendants' actions and, accordingly, has standing to bring this cause of action.

135.   Defendants' conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Beachbody, and Beachbody's business, reputation and goodwill.  Beachbody's damages from Defendants' aforesaid unlawful actions, to the extent ascertainable, have not yet been determined.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff Beachbody prays for relief against Defendants as follows:

1.   That the Court preliminary and permanently enjoin and restrain Defendants, their officers, directors, agents, employees, representatives and all persons in active concert or participation with them who receives actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

(a)   infringing or contributing to the infringement of the SHAKEOLOGY® Marks;

28

FIRST AMENDED COMPLAINT

(b)    engaging in any acts or activities directly or indirectly calculated to infringe upon Beachbody's SHAKEOLOGY® Marks;

(c)    selling, offering for sale, promoting, advertising, marketing or distributing the OMNIHEALTH™ meal replacement shakes and all signage, advertisements or marketing materials in a manner that unfairly competes with Beachbody, including, but not limited to distributing or publishing advertisements, receipts, packaging or any other material bearing Beachbody's SHAKEOLOGY® Marks or Beachbody's other intellectual property or any express or implied false or misleading statements of fact or omissions; and

 (d)    otherwise competing unfairly with Beachbody or otherwise infringing upon or misappropriating Beachbody's intellectual property or other rights in any manner whatsoever.

2.    That the Court find that Defendants are infringing or contributing to the infringement of Beachbody's SHAKEOLOGY® Marks, are competing unfairly with Beachbody and are engaging in false advertising or contributing to false advertising.

3.    That the Court find that Defendants violated Cal. Bus. & Profs. Code § 17200 *et seq*.

4.    That the Court find that Defendants have violated California common law.

5.    That the Court order Defendants to deliver up to Beachbody for destruction, at the Defendants' expense, catalogs, web site materials, literature, brochures, packaging, signs, receipts, promotional materials, advertisements and other communications to the public in the possession or under the control of Defendants, including any and all printed advertisements, and any other materials or any representations that contain Beachbody's SHAKEOLOGY® Marks and/or any false or misleading statements.

6.    That the Court order Defendants to account for and pay to Beachbody the damages to which Beachbody is entitled as a consequence of Defendants'

29

infringement or contributory infringement of Beachbody's SHAKEOLOGY® Marks and Defendants' unfair competition.

7.      That the Court order Defendants to account for and pay over to Beachbody all profits received by Defendants from its unlawful acts, any damages sustained by Beachbody and the costs of the action.

8.      That the Court order Defendants to pay treble and enhanced damages, including up to three times the economic damages incurred by Beachbody, and reasonable attorneys' fees, as a result of Defendants' willful, intentional and knowing actions.

9.      That the Court award Beachbody appropriate damages arising out of Defendants' commercial disparagement / trade libel.

10.     That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Defendants so as to prevent fraud on the Court and so as to ensure the capacity of Defendants to pay, and the prompt payment of, any judgment entered against Defendants in this action.

11.     That the Court award Beachbody its compensatory, incidental, and consequential damages.

12.     That the Court award Beachbody its pre- and post-judgment interest.

13.     That the Court grant Plaintiff such other relief as is just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Beachbody, LLC hereby demands a jury trial on all issues triable by jury.

Dated:  May 27, 2016                COZEN O'CONNOR

By: -/S/-Brett N. Taylor
    Brett N. Taylor
    Camille M. Miller
    Melanie Miller
    Trevor T. Cloak
    Attorneys for Beachbody, LLC

FIRST AMENDED COMPLAINT