JS-6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEACHBODY, LLC, | CASE NO. CV 16-02015-R |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| UNIVERSAL NUTRIENTS, LLC d/b/a/ UNIWELL and WAL-MART STORES, INC., | |
| Defendants. | |

Before the Court is Defendants' Motion to Dismiss, which was filed on June 6, 2016 (Dkt. No. 37). Having been thoroughly briefed by both parties, this Court took the matter under submission on June 28, 2016.

On a motion to dismiss, the trial court takes all well-pleaded facts in the complaint to be true and determines whether, based upon those facts, the complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); *see Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005). To state a claim, the complaint must contain factual assertions which make the claimed relief not merely possible, but "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual assertions are taken

as true, the court does not accept legal conclusions as true. *Id*.

Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Iqbal* and *Twombly*, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 570. The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

Plaintiff Beachbody LLC's First Amended Complaint asserts six causes of action against both Defendants Universal Nutrients and Wal-Mart Stores arising from Defendants' use of Plaintiff's trademarked "shakeology" name on product packaging and purchase receipts: (1) trademark infringement under Title 15 U.S.C. § 1114; (2) unfair competition and false association under Title 15 U.S.C. § 1125(a); (3) false advertising under Title 15 U.S.C. § 1125(b); (4) contributory trademark infringement and unfair competition under federal common law; (5) unfair competition under California Business & Professions Code § 17200 *et seq*.; and (6) commercial disparagement and trade libel under California common law. Pursuant to Rule 12(b)(6), Defendants seek to dismiss all six of Plaintiff's causes of actions.

Plaintiff's first cause of action is for trademark infringement under Title 15 U.S.C. § 1114. To demonstrate trademark infringement, a plaintiff must show that it is "(1) the owner of a valid, protectable mark, and (2) that the alleged infringer is using a confusingly similar mark." *Herb Redd Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1247 (9th Cir. 2013); *Airs Aromatics, LLC v. Opinion Victoria's Secret Stores Brand Mgmt., Inc*., 744 F.3d 595, 599 (9th Cir. 2014). Registration of a mark is prima facie evidence of a party's ownership of the mark and exclusive use of the mark in commerce. § 1057(b). Plaintiff has properly registered all marks and designations complained of in the present action.

A person who uses a registrant's trademark without their permission and applies it to packages or advertisements in connection with the sale or advertising of goods or services can be

liable in a civil action if the use of the trademark is likely to cause confusion. § 1114(1)(b). However, "[t]he use of a competitor's trademark for purposes of comparative advertising is not trademark infringement so long as it does not contain misrepresentations or create a reasonable likelihood that purchasers will be confused as to the source, identity, or sponsorship of the advertiser's product." *SSP Agric. Equip., Inc. v. Orchard-Rite Ltd.*, 592 F.2d 1096, 1103 (9th Cir. 1979) (internal quotation marks omitted). To establish this nominative fair use defense, a defendant must meet three elements: (1) the plaintiff's product or service in question must be one not readily identifiable without use of the trademark; (2) only so much of the mark or marks may be used as is reasonably necessary to identify the product or service; and (3) the user must do nothing that would, in conjunction with the mark, suggest sponsorship or endorsement by the trademark holder. *New Kids on the Block v. News Am. Pub., Inc.*, 971 F.2d 302, 308 (9th Cir. 1992).

First, Plaintiff alleges that "shakeology" meal replacement shakes are comprised of a unique blend of ingredients that are not comparable to the ingredients in Defendants' OmniHealth shakes. Although Plaintiff does describe the unique ingredients in its "shakeology" products and makes conclusory allegations of the wide identifiability of its products, Plaintiff's limited pleadings do not provide a basis to assume that consumers would readily identify Plaintiff's meal replacement shakes without also using the trademarked "shakeology" name in the product's description. Therefore, Plaintiff has not alleged sufficient facts to defeat the first element of the nominative fair use defense.

Second, Plaintiff alleges that Defendants use the trademarked name "shakeology" in almost identical fashion on their OmniHealth packaging. In response, Defendants state that while they did use the "shakeology" name on their product packaging, they did not use the same logo, font, or coloring scheme as Plaintiff's trademark. "[A] soft drink [company] would be entitled to compare its product to [a competitor's product], but would not be entitled to use [the competitor's] distinctive lettering." *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1153 (9th Cir. 2002). Accordingly, Plaintiff does not allege sufficient facts to demonstrate Defendants used more of the trademark than was reasonably necessary to identify Plaintiff's product.

3

Third, Plaintiff asserts that Defendants use the "shakeology" trademark to confuse consumers into thinking that Plaintiff sponsors or endorses Defendants' OmniHealth products. In the Complaint, Plaintiff alleges that consumers are likely to view the portion of the OmniHealth packaging with the "shakeology" name, and then associate "shakeology" with OmniHealth. Plaintiff also alleges that the "compare to the ingredients in shakeology" phrase on the OmniHealth packaging would confuse consumers about Plaintiff's endorsement of Defendants' meal replacement shakes. However, Plaintiff does not provide any evidence of consumers actually associating the two brands because of the OmniHealth packaging. It is also clearly stated on the back of OmniHealth boxes that Defendant's meal replacement shake is not associated with "shakeology." Furthermore, Plaintiff's meal replacement shakes are only sold on its own website, and they are sold for a much larger amount of money than Defendants' product. Therefore, Plaintiff does not allege sufficient facts to demonstrate consumers are likely to be confused about a relationship between Plaintiff's and Defendants' products.

Plaintiff further alleges that Defendants intentionally use the "shakeology" name on Wal-Mart receipts to deceive customers into believing that OmniHealth products are associated with "shakeology" when they are repurchasing the Defendants' product. When a consumer purchases an OmniHealth meal replacement shake at Wal-Mart, the only word for the description of the product on the receipt is "shakeology." However, Plaintiff does not provide any factual basis to demonstrate that customers would likely associate the two products together based on these receipts. Accordingly, Plaintiff does not allege sufficient facts to defeat Defendants' nominative fair use defense, and therefore, Plaintiff's trademark infringement claim is dismissed.

Plaintiff's second cause of action is for unfair competition and false association under Title 15 U.S.C § 1125(a). A plaintiff only needs to allege commercial injury based upon the deceptive use of a trademark or its equivalent to satisfy standing requirements under the false association prong of § 43 of the Lanham Act. 15 U.S.C. § 1125(a)(1)(A); *Jack Russell Terrier Network of N. Ca. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir. 2005). Both parties agree that claims for unfair competition and false association are analyzed in the same manner as a claim for trademark infringement. *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036,

1046-47 n. 8 (9th Cir. 1999).  Therefore, because Defendants' nominative fair use defense defeats a claim for trademark infringement under Title 15 U.S.C. § 1114, this same defense also defeats a claim for unfair competition and false association under Title 15 U.S.C. § 1125(a).

      Plaintiff's fourth claim for contributory trademark infringement and unfair competition under federal common law fails because, as this Court stated above, Plaintiff cannot state a claim for trademark infringement and unfair competition.  *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007) (explaining that there must be prior trademark infringement to bring a contributory trademark infringement and unfair competition claim under federal common law).  Plaintiff's fifth claim for unfair competition under Cal. Bus. & Profs. Code §§ 17200 et seq. likewise fails because, as this Court stated above, Plaintiff cannot state a claim for unfair competition.  *Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 875 (9th Cir. 2002) (explaining that a state law unfair competition claim failed because its related Lanham Act claims failed).

      Plaintiff's third cause of action is for false advertising under Title 15 U.S.C. § 1125(b).  Plaintiff first alleges that the "compare to the ingredients of shakeology" statement on OmniHealth product packaging implicitly and falsely suggests to consumers that the ingredients in Defendants' competing meal replacement shakes are comparable or similar to those in Plaintiff's shakes.  The elements of a Lanham Act § 43(a) false advertising claim are: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.  *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997).  Courts have determined that "compare to . . ." statements similar to the ones on Defendants' packaging, are a type of advertising that can "convey a specific assertion of measurable fact, such as the same ingredients or efficacy  . . . [and can be] actionable," in court.  *E.g., Rexall Sundown, Inc. v. Perrigo Co.*, 651 F. Supp. 2d 9, 21

(E.D.N.Y. 2009). However, "if a plaintiff's theory of recovery is premised upon a claim of implied falsehood, a plaintiff must demonstrate, by extrinsic evidence, that the challenged [representations] tend to mislead or confuse consumers." *PBM Products, LLC v. Mead Johnson & Co.*, 2010 WL 723750, at *3 (E.D. Va. Mar. 2, 2010), aff'd, 639 F.3d 111 (4th Cir. 2011) (internal quotation marks omitted).

Plaintiff asserts that the ingredients in its meal replacement shakes are incomparable to Defendants' OmniHealth product. Plaintiff alleges its products are comprised of more unique and higher quality ingredients in comparison to Defendants' meal replacement shakes. However, Plaintiff does not allege any facts and cannot point to any evidence indicating that this "compare to" advertising on Defendants' packaging tends to mislead or confuse consumers. Simply making the conclusory statement that Defendants' ingredients are incomparable to Plaintiff's proprietary blend of ingredients does not establish a plausible claim for false advertising.

Plaintiff also asserts that Defendants' use of the name "shakeology" on a Wal-Mart sales receipt constitutes false advertising. According to the Lanham Act, commercial advertising is defined as "(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services . . . [and] (4) the representations must be disseminated sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within that industry." *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1181 (9th Cir. 2003). As explained above in regards to Plaintiff's trademark infringement claim, this Court determined that the "shakeology" name on Defendants' receipt would not be a significant factor in a consumer's purchasing decision. Accordingly, the "shakeology" name represented on purchasing receipts would not meet the third element of a commercial advertisement, and therefore, Defendants' receipts would not constitute false advertising.

Plaintiff's sixth, and final cause of action, is for commercial disparagement or trade libel under California common law. A plaintiff asserting a claim for trade libel must prove special monetary damages and has the burden of proving the disparaging statement is false. *New Show Studios LLC v. Needle*, 2014 WL 2988271, at *13 (C.D. Cal. June 30, 2014) (citation omitted) (internal quotation marks omitted). A cause of action for trade libel requires: (1) a publication, (2)

which induces others not to deal with plaintiff, and (3) special damages.  *Id.*  Plaintiff again asserts that the use of "shakeology" on Defendant Wal-Mart's receipts is damaging to Plaintiff's brand name and states that they have lost money as a result of its product's name appearing on these receipts.  Plaintiff has not sufficiently pleaded factual content that, if believed, could prove any special pecuniary damages from these Wal-Mart receipts.  Thus, the third element of trade libel has not been met.  Therefore, this sixth cause of action is likewise dismissed.

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss is GRANTED.  (Dkt. No. 37).

Dated: July 18, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE